UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- x
SALON FAD, CINDY'S HAIR SALON, CHU'S              :
HAIR SALON, CARASTRO & COMPANY HAIR               :
DESIGN, EnV STUDIO SALON LCC, NEW                 :
MILLENNIUM SALONS LLC D/B/A SALON                 :
2000, SALON 1325, SASSY & CLASSY SALON            :       10-cv-5063 (DLC)
AND SPA, THE WORKS HAIR AND NAIL                  :
SALON, THE VERANDA SALON AND SPA,                 :
INC., VICTORIA'S SALON AND SPA, WILLIAM           :
DAVID SALON,                                      :
                                                  :
                        Plaintiffs,               :
                                                  :
                -against-                         :
                                                  :
L'ORÉAL USA, INC., CONAIR CORPORATION,            :
FAROUK SYSTEMS, INC., JOHN PAUL                   :
MITCHELL SYSTEMS, SEXY HAIR CONCEPTS,             :
LLC, THE PROCTER AND GAMBLE                       :
COMPANY, TIGI LINEA, LP,                          :
                                                  :
                        Defendants.               :
                                                  :
-------------------------------------------------------- x
```

**MEMORANDUM IN SUPPORT OF THE MOTION OF DEFENDANT
THE PROCTER & GAMBLE COMPANY TO DISMISS THE COMPLAINT**

Table of Contents

Page

Table of Authorities ............................................................................................................. ii

Preliminary Statement..........................................................................................................1

Allegations Relevant to P&G................................................................................................3

Argument ..............................................................................................................................4

    Point 1
        PLAINTIFFS FAIL TO STATE A CLAIM FOR WHICH RELIEF MAY
        BE GRANTED UNDER THE LANHAM ACT .....................................................5

        A.    Plaintiffs Fail To and Cannot Allege That the Salon
             Statements Are False or Misleading ............................................................6

        B.    Plaintiffs Fail To and Cannot Allege How Consumers Are
             Likely To Be Confused or Deceived by the Salon Statements....................8

        C.    Plaintiffs Fail To and Cannot Allege That They Have Been or
             Are Likely To Be Harmed by the Salon Statements....................................9

        D.    Plaintiffs Fail To and Cannot State a Claim for Which Relief
             May Be Granted as to P&G's Diversion Statements.................................10

    Point 2
        PLAINTIFFS LACK STANDING TO ASSERT A LANHAM ACT
        CLAIM....................................................................................................................11

Conclusion ..........................................................................................................................12

i

Table of Authorities

Page

Cases:

*Air Turbine Tech., Inc. v. Atlas Copco AB*,
　410 F.3d 701 (Fed. Cir. 2005) ..................................................................................................9

*Alfred Dunhill Ltd. v. Interstate Cigar Co.*,
　499 F.2d 232 (2d Cir. 1974) ......................................................................................................5

*Boule v. Hutton*,
　328 F.3d 84 (2d Cir. 2003) ........................................................................................................7

*Brooks ex rel. Estate of Bell v. Topps Co., Inc.*,
　No. 06 CIV. 2359, 2007 WL 4547585 (S.D.N.Y. Dec. 21, 2007) ........................................ 6-7

*Cecere v. R.J. Reynolds Tobacco Co.*,
　No. 98 Civ. 2011, 1998 WL 665334 (S.D.N.Y. Sept. 28, 1998)......................................11, 12

*Corto v. Fujisankei Commc'ns Int'l, Inc.*,
　No. 88 CV 2206, 1989 WL 67218 (S.D.N.Y. June 14, 1989)...................................................5

*Goldsmith v. Polygram Diversified Ventures, Inc.*,
　No. 94 CIV. 8888, 1995 WL 614560 (S.D.N.Y. Oct. 19, 1995)...............................................4

*ITC Ltd. v. Punchgini, Inc.*,
　482 F.3d 135 (2d Cir. 2007) ....................................................................................................11

*Johnson & Johnson v. Carter-Wallace, Inc.*,
　631 F.2d 186 (2d Cir. 1980) .....................................................................................................9

*Marriott Corp. v. Ramada Inc.*,
　826 F. Supp. 726 (S.D.N.Y. 1993) ...........................................................................................9

*Mktg. Unlimited, Inc. v. Munro*,
　No. 92 CV 0635, 1993 WL 124694 (W.D.N.Y. Apr. 20, 1993) ...............................................5

*Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*,
　663 F.2d 371 (2d. Cir. 1981) ................................................................................................ 8-9

*Perrin & Nissen Ltd. v. SAS Group, Inc.*,
　No. 06 Civ. 13089, 2009 WL 855693 (S.D.N.Y. Mar. 27, 2009) .............................................9

*Wellnx Life Sciences Inc. v. Iovate Health Sciences Research Inc*,
　516 F. Supp. 2d 270 (S.D.N.Y. 2007) ......................................................................................7

Table or Authorities
(continued)

Page

Statutes:

15 U.S.C. § 1125(a)(1) .................................................................................................... *passim*

Defendant The Procter & Gamble Company ("P&G") respectfully submits this Memorandum of Law in support of its motion, pursuant to Federal Civil Procedure Rule 12(b)(6), to dismiss, as against P&G, the June 30, 2010 complaint (the "Complaint") filed by plaintiffs Salon FAD, Cindy's Hair Salon, Carastro & Company Hair Design, EnV Studio Salon LLC, New Millennium Salons L.L.C. d/b/a Salon 2000, Salon 1325, Sassy & Classy Salon and Spa, The Works Hair and Nail Salon, The Veranda Salon and Spa, Inc., Victoria's Salon and Spa, and William David Salon (collectively, "Plaintiffs"), against defendants L'Oréal USA, Inc., Conair Corporation, Farouk Systems, Inc., John Paul Mitchell Systems, Sexy Hair Concepts, LLC, P&G, and TIGI Linea, L.P. (collectively, "Defendants").

## Preliminary Statement

The crux of Plaintiffs' Complaint is that their salons are purportedly losing revenue as a consequence of the sale of Defendants' salon-only products in retail stores, a practice commonly known as "diversion." Lacking any contractual or statutory means of preventing diversion, Plaintiffs seek to bring a cause of action for false advertising on the premise that Defendants allegedly promote their products as available exclusively in professional salons when they are not. In actuality, the Complaint represents a wholly inappropriate attempt to use the Lanham Act to provide Plaintiffs with relief for what amounts to a nonactionable anti-diversion claim.

On its face, the Complaint fails to satisfy nearly all of the elements of a Lanham Act cause of action. Most basically, while the Complaint repeatedly alleges that Defendants falsely advertise their products as being available only in salons, as to P&G's products it merely cites statements that P&G will *guarantee* its products only when they are purchased in a salon, which are nowhere alleged to be false. Accordingly, accepting the allegations in the Complaint

as true, Plaintiffs fail even to assert that P&G used in commerce a false or misleading statement, without which there can be no Lanham Act false advertising claim.

Even with respect to the allegations that other Defendants falsely assert that their products are sold only in salons, Plaintiffs cannot conceivably show that consumers are deceived, another required element of the statute, because consumers who purchase Defendants' products in retail stores are obviously aware that these products are available in outlets other than salons. Nor do Plaintiffs assert that the harm they claim to have suffered was caused by any statement made by Defendants; indeed, on the face of the Complaint, it is clear that the alleged loss in Plaintiffs' sales and reputation is caused by the act of diversion itself, and not any purportedly false advertising.  That is especially the case with respect to the only other allegedly false and misleading statements attributed to P&G — namely, that P&G opposes diversion and will take steps to fight it.  Even if it were true that P&G failed to take action to combat diversion, the statements are irrelevant to the cause of the harm alleged by Plaintiffs, which is the act of diversion itself.

Finally, even if the Complaint had sufficiently pled the elements of a Lanham Act claim, Plaintiffs are not direct competitors of Defendants and must accordingly make an even more substantial showing of injury and causation to be awarded standing to sue under the Lanham Act.  Because, as noted above, the Complaint fails to allege *any* basis for determining that Plaintiffs suffered injury caused by the alleged false advertising, the Complaint must also be dismissed for lack of standing.

KL3 2790590.1

## Allegations Relevant to P&G[1]

Plaintiffs allege that they sell professional-grade hair products manufactured by P&G under the Sebastian brand, in their salons. (Compl. ¶ 14). Plaintiffs' claim that P&G violated the Lanham Act is based on two distinct categories of allegedly false statements: (1) supposed statements that P&G's line of professional products are sold only in salons (the "Salon Statements"), and (2) alleged statements that P&G opposes and can stop diversion (the "Diversion Statements"). (*See generally*, Compl. ¶¶ 28-71).

With respect to the Salon Statements, Plaintiffs allege that the Defendants advertise their hair products as being "only available and sold in salons." (Compl. ¶¶ 28, 29, 34, 37-41, 60, 66-71, 89, 98, 100). Plaintiffs describe this allegation as the "focus" of their claims. (Compl. ¶ 29). However, as to P&G, Plaintiffs do *not* allege that P&G advertises its Sebastian products as being available for sale only in salons. Instead, the Complaint refers only to: (i) a Sebastian brand hair product label stating that the product is "[g]uaranteed only when sold by an authorized salon" (Compl., Table 1); and (ii) a statement on the Sebastian website that states that Sebastian products "should only be sold in authorized salons and beauty supply stores. Purchasing them elsewhere is as unethical as someone selling them elsewhere." (Compl., Table 2).

The Diversion Statements concern P&G's statements about the practice commonly known as "diversion," defined by Plaintiffs as "the sale of professional or salon-only products through stores that do not have a salon on the premises." (Compl. ¶ 42). Plaintiffs specifically allege that diversion causes salons to lose sales, profits, reputation, and goodwill.

---

[1]  Solely for the purposes of this motion to dismiss, P&G assumes the truth of all properly pled facts in the Complaint.

(Compl. ¶¶ 53-55).  Plaintiffs further assert that P&G's statements that it opposes and can stop diversion are false, because Sebastian products are sold in retail stores.  (Compl. ¶¶ 57, 61).  To support this claim, Plaintiffs cite to statements on the Sebastian website that explain how Sebastian is fighting diversion, and that diversion interferes with salon revenue and hurts the industry overall.  (Compl., Tables 5-7).

Plaintiffs allege that the Salon Statements are false and misrepresent the nature, characteristics, qualities, and origin of Sebastian products, or are misleading and likely to confuse consumers as to the same.  (Compl. ¶¶ 66-67, 89-91).  Plaintiffs further allege that the Salon Statements are likely to deceive purchasers as to the association of Sebastian products with salons, or cause confusion "as to the salons' sponsorship or approval of Defendants' salon-only products that are available at stores that are not professional salons."  (Compl. ¶¶ 68, 99,100).  Plaintiffs claim that the Diversion Statements "heighten" the confusion caused by the Salon Statements.  (Compl. ¶¶ 67, 68).  Plaintiffs allege that both sets of statements result in lost revenue, profits, business value, goodwill and reputation to Plaintiffs.  (Compl. ¶¶ 69-71, 94, 95, 103,104).

## **Argument**[2]

Plaintiffs' desire to recover lost revenue caused by the sale of Defendants' professional-grade hair products in retail outlets cannot create a cause of action for false advertising under the Lanham Act.  Section 43(a) "does not have boundless application, . . . but is limited to false advertising as that term is generally understood."  *Goldsmith v. Polygram*

---

[2]   P&G understands that all other Defendants are moving to dismiss the Complaint on similar grounds as set forth in this memorandum of law.  P&G joins in Defendants' arguments as expressed in their respective motions, including those directed toward Plaintiffs' claim for unfair competition pursuant to 15 U.S.C. § 1125(a)(1)(A).

*Diversified Ventures, Inc.*, No. 94 CIV. 8888, 1995 WL 614560, at *5 (S.D.N.Y. Oct. 19, 1995) (Cote, J) (quoting *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974)). "The fact that there are some acts which may arguably be wrongful and which are not prohibited by existing statutes does not license courts to disregard the boundaries which Congress has written into its legislation." *Alfred Dunhill*, 499 F.2d at 237-38; *see also Mktg. Unlimited, Inc. v. Munro*, No. 92 CV 0635, 1993 WL 124694, at *2 (W.D.N.Y. Apr. 20, 1993) ("[T]he Lanham Act does not give a plaintiff the right to sue for acts that constitute deceptive trade practices but do not constitute unfair advertising."). This "is not a matter of the niceties of pleading curable by tinkering with the language of the complaint. Rather, it goes to the essential nature of the claim and no artifice of language should permit its metamorphosis into a federally cognizable Lanham Act claim." *Corto v. Fujisankei Commc'ns Int'l, Inc.*, No. 88 CV 2206, 1989 WL 67218, at *3 (S.D.N.Y. June 14, 1989) (dismissing plaintiff's Lanham Act claim as "essentially a claim for conversion.").

In this case, Plaintiffs fail adequately to plead several essential elements of a Lanham Act claim against P&G and cannot do so. Moreover, Plaintiffs lack standing to assert a Lanham Act claim. Accordingly, the Complaint should be dismissed with prejudice.

**Point 1**

**PLAINTIFFS FAIL TO STATE A CLAIM FOR WHICH
RELIEF MAY BE GRANTED UNDER THE LANHAM ACT**

Plaintiffs' Complaint is wholly devoid of any facts amounting to a cognizable claim under the Lanham Act. Indeed, Plaintiffs are unable to satisfy three essential requirements for pleading a Lanham Act claim: (1) that the defendant used in commerce a false or misleading description or representation of fact; (2) that these descriptions (a) are likely to cause confusion or mistake, or will deceive consumers as to the origin, sponsorship, or approval of the

defendant's goods, or (b) misrepresent the nature, characteristics, qualities, or origin of the defendant's goods, services or commercial activities; and (3) that the plaintiff has been or is likely to be damaged by these statements.  15 U.S.C. § 1125(a)(1).

### A.  Plaintiffs Fail To and Cannot Allege That the Salon Statements Are False or Misleading

Plaintiffs' Lanham Act claims are deficient against P&G because they have failed adequately to allege that the Salon Statements are false or misleading.  Throughout the Complaint, Plaintiffs allege generally that Defendants falsely advertise their products as "salon-only" or "only available through professional salons."  (Compl. ¶¶ 14, 27-29, 34, 37-40, 66-70, 89, 98).  Indeed, Plaintiffs allege that "Defendants' false advertising of their professional, salon-only products is the focus of this complaint."  (Compl. ¶ 29).  However, on the face of the Complaint, none of these allegations is properly pled against P&G.

Plaintiffs allege that Defendants "clearly label each bottle of their professional products as available for sale only in professional salons."  (Compl. ¶ 37).  But that is not what the label on P&G's Sebastian products states.  Indeed, as is specifically alleged in the Complaint, the Sebastian label states: "Guaranteed only when sold by an authorized salon."  (Compl., Table 1).  This disclaimer plainly does not represent that Sebastian products are sold only in salons.  To the contrary, on its face this statement communicates that the product may in fact be sold elsewhere, and in that event, it is not "guaranteed."  As this Court has recognized, guarantee statements such as this are not actionable under the Lanham Act because disclaimers are not material statements about a product's nature, characteristics, qualities or origin.  *Brooks ex rel. Estate of Bell v. Topps Co., Inc.,* No. 06 CIV. 2359, 2007 WL 4547585, at *8 (S.D.N.Y. Dec. 21,

- 6 -

2007) (Cote, J).[3]  Further, the Complaint contains no allegations that P&G's disclaimer statement is false.  For example, Plaintiffs do not allege that P&G did not honor the guarantee on its Sebastian products when purchased in salons, or that P&G honored guarantees on Sebastian products purchased in retail stores.

Plaintiffs also allege that Defendants' products are advertised on their websites as available only in salons.  (Compl. ¶¶ 38, 39).  As alleged against P&G, however, Plaintiffs refer to a statement that Sebastian products "should" only be purchased and sold in authorized salons and stores.  (Compl., Table 2).  This statement is merely one of opinion and cannot be said to be false or actionable under the Lanham Act.  *See Boule v. Hutton*, 328 F.3d 84, 92 (2d Cir. 2003) ("A statement of opinion is not actionable under the Lanham Act if it 'could not reasonably be seen as stating or implying provable facts' about a competitor's goods or services.") (citing *Groden v. Random House, Inc.*, 61 F.3d 1045, 1051 (2d Cir. 1995)); *Wellnx Life Sciences Inc. v. Iovate Health Sciences Research Inc*, 516 F. Supp. 2d 270, 288 (S.D.N.Y. 2007) ("The general statement of disagreement with [plaintiff's] marketing practices is, at most, a statement of [defendant's] opinion, which is not actionable under the Lanham Act.").  Moreover, this statement leaves open the possibility that the Sebastian products may in fact be sold outside of professional salons even if they "should" not.

---

[3] In *Brooks*, the statement at issue concerned the defendant's baseball cards and read, "[A]lthough these players have agreed to provide these cards for Topps, we cannot guarantee that all autographs . . . will be received in time for inclusion in this product." This Court held that even though the first half of the statement was false because the defendants were not authorized to use the autographs, the latter half — the "guarantee" statement — was not material in the context of the plaintiff's false advertising claim because the "statement is a disclaimer rather than a statement of the product's attributes." *Id*.

- 7 -

Nowhere in the Complaint do Plaintiffs allege that P&G labeled, marketed, or advertised its Sebastian products as available only in salons. Accordingly, Plaintiffs have failed to allege that the Salon Statements are false or misleading, and the Complaint should be dismissed on this ground alone.

### B. Plaintiffs Fail To and Cannot Allege How Consumers Are Likely To Be Confused or Deceived by the Salon Statements

Plaintiffs allege that the Salon Statements are "likely to cause confusion among purchasers as to the nature, characteristics, qualities, and origin of Defendants' products . . . [and the] affiliation, connection, or association of Defendants' products with salons, or to cause confusion or mistake as to the salons' sponsorship or approval of Defendants' salon-only products that are available at stores that are not professional salons." (Compl. ¶¶ 67-68). Even assuming that P&G's Salon Statements are false and misleading, which they are not, these allegations do not satisfy the showing of deception required for a Lanham Act claim.

First, no reasonable consumer can be deceived by the Salon Statements because these statements themselves acknowledge that the products may be sold in locations *other than* salons. If P&G's product is "[g]uaranteed only when sold by an authorized salon," then implicitly there are instances where purchases could be made outside of an authorized salon such that the guarantee would not apply.

Second, even if the Salon Statements can somehow be read to warrant that Sebastian products are sold only in salons, there is no conceivable way for consumers who purchase "diverted" products to be deceived by such a statement as to the origin or affiliation of these products with salons because they are well aware that they are not purchasing these products in salons. Because it is implausible for consumers to be deceived by the Salon Statements, the Complaint must be dismissed. *See Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*,

- 8 -

663 F.2d 371, 391 (2d. Cir. 1981) (affirming dismissal of Lanham Act claim where "essential element" of claim was absent; "No reasonable person reading . . . advertisements could be deceived or misled. . . ."); *Perrin & Nissen Ltd. v. SAS Group, Inc.*, No. 06 Civ. 13089, 2009 WL 855693, at *9 (S.D.N.Y. Mar. 27, 2009) (dismissing false description of product claim brought pursuant to Lanham Act because "it is implausible that consumers would be misled" by challenged claim); *Marriott Corp. v. Ramada Inc.*, 826 F. Supp. 726, 727-28 (S.D.N.Y. 1993) (dismissing Lanham Act claims because "no reasonable person would be misled" by allegedly false statements).

    **C.**    **Plaintiffs Fail To and Cannot Allege That They Have Been or Are Likely To Be Harmed by the Salon Statements**

In order for Plaintiffs adequately to allege that they have been or are likely to be harmed by the allegedly false statements, Plaintiffs must plead "a logical causal connection between the alleged false advertising and [their] own sales position." *Johnson & Johnson v. Carter-Wallace, Inc.*, 631 F.2d 186, 190 (2d Cir. 1980); *see also Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 709-10 (Fed. Cir. 2005) (dismissing plaintiff's Lanham Act claims where plaintiff did not allege diversion of profits from plaintiff to defendant, but rather that injury was caused by consumers ceasing to buy all products, regardless of who manufactured and sold them). Accepting all of Plaintiffs' factual allegations as true, it is clear that they claim harm not from Defendants' *statements* that their products are sold only in salons, but rather from the *act* of diversion of these products to retail stores. Indeed, Plaintiffs dedicate sixteen paragraphs and four pages of the Complaint to explain the evolution of diversion and how they have been injured by this practice. (Compl. ¶¶ 41-56, Table 5). Because there is no "logical causal connection" between the challenged statements and Plaintiffs' injury, the Complaint must be dismissed.

- 9 -

### D. Plaintiffs Fail To and Cannot State a Claim for Which Relief May Be Granted as to P&G's Diversion Statements

Plaintiffs also allege that P&G's statements that it opposes and will fight diversion are false because P&G permits Sebastian products to be sold in retail stores. (Compl. ¶¶ 41, 57, 60-62). As an initial matter, Plaintiffs do not and could not contend that most of the Diversion Statements are false. For instance, Plaintiffs could not credibly contend that statements like purchasing Sebastian products outside of an authorized salon or beauty supply store "is as unethical as someone selling them elsewhere" (Compl., Table 2) or diversion "interferes with the manufacturer's distribution channels and legitimate salon revenue" (*id.*, Table 5) are false and misleading.

Even assuming that some the Diversion Claims are false or misleading, Plaintiffs fail to allege that consumers are likely to be or are confused by such statements. Rather, they allege merely that the Diversion Statements "heighten" confusion that purportedly is caused by the Salon Statements. (Compl. ¶¶ 67, 68). As set forth above, however (at pp. 6-9), P&G is not making statements that its products are only available in salons and, even if it were, no reasonable consumer purchasing the products in retail establishments could be confused by any such claim. It follows that the Diversion Statements cannot engender any "further confusion." In any event, Plaintiffs must allege that they have been or are likely to be damaged by the Diversion Statements themselves, 15 U.S.C. § 1125(a)(1), and have failed to adequately do so. It is clear that any injury to their sales and reputation is caused not by P&G's statements that it opposes and will fight diversion, but rather from the practice of diversion itself. Plaintiffs have failed to plead the elements of a Lanham Act claim as to P&G's Diversion Statements, and for this reason too, the Complaint must be dismissed.

**Point 2**

**PLAINTIFFS LACK STANDING TO
ASSERT A LANHAM ACT CLAIM**

In order to establish standing under Section 43(a) of the Lanham Act, "an aggrieved party must demonstrate both (1) 'a reasonable interest to be protected against the advertiser's false or misleading claims,' and (2) 'a reasonable basis for believing that this interest is likely to be damaged by the false or misleading advertising.'" *ITC Ltd. v. Punchgini, Inc*., 482 F.3d 135, 169 (2d Cir. 2007) (citation omitted). "The 'reasonable basis' prong requires the plaintiff to show 'both likely injury and a causal nexus to the false advertising.'" *Id.* at 170 (citation omitted). "Where a plaintiff's products are 'not obviously in competition with the defendant's products, [and] the defendant's advertisements do not draw direct comparisons between the products,' then a plaintiff must make a 'more substantial showing' of 'injury and causation' to satisfy the reasonable basis prong of the standing requirement." *Id.* (citing *Ortho Pharm. Corp. v. Cosprophar, Inc*. 32 F.3d 690, 694 (2d Cir. 1994)); *see also Cecere v. R.J. Reynolds Tobacco Co*., No. 98 Civ. 2011, 1998 WL 665334, at *3 (S.D.N.Y. Sept. 28, 1998) (dismissing on pleadings plaintiffs' false advertising claims and holding that "plaintiffs cannot proceed with a Lanham Act claim without a more specific allegation that the store is likely to suffer lost sales as a result of defendants' advertisement.").

Plaintiffs lack standing here because their allegations fail to satisfy the requirements of injury and causation. Plaintiffs have failed to offer any support for their assertion that they are damaged by Defendants' misrepresentations. At best, the Complaint conclusorily states that "Defendants' misrepresentations result in lost revenue, lost profit, lower business value, lost goodwill and reputation to the Plaintiffs." (Compl. ¶ 71). This fails to explain how Plaintiffs are harmed *because of* the allegedly false statements as opposed to the

complained of diversion itself. Notwithstanding the requirement that courts must liberally read a plaintiff's complaint, "dismissal is proper where plaintiffs have offered nothing more than an unsupported conclusion that a particular element of a claim is satisfied." *Cesere*, 1998 WL 665334, at *2. Because of the disconnect between Plaintiffs' alleged injury and the alleged false statements, the Complaint must be dismissed for lack of standing.

## Conclusion

For the foregoing reasons, P&G respectfully requests that the Court dismiss the Complaint as to P&G, with prejudice and without leave to amend.

Dated: New York, New York
August 20, 2010

                                          Kramer Levin Naftalis & Frankel LLP

                                          By:   /s/ Harold P. Weinberger
                                                Harold P. Weinberger
                                                Norman C. Simon
                                                Eileen Patt

                                          1177 Avenue of the Americas
                                          New York, New York 10036
                                          (212-715-9100)
                                          hweinberger@kramerlevin.com
                                          nsimon@kramerlevin.com
                                          epatt@kramerlevin.com

                                          Attorneys for Defendant
                                          The Procter & Gamble Company